IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FOURTEEN PARTNERS, INC. F/K/A HBG DESIGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASSA ABLOY ACCESSORIES AND DOOR CONTROLS GROUP, INC., ASSA ABLOY ACCESS AND EGRESS HARDWARE GROUP, INC., and ASSA ABLOY SALES AND MARKETING GROUP, INC., <br><br> Defendants. | No.: 2:22-CV-02636 <br> Judge Jon P. McCalla <br> Magistrate Judge Charmiane G. Claxton |

**AMENDED COMPLAINT FOR DAMAGES**

Plaintiff, Fourteen Partners, Inc., f/k/a HBG Design, Inc. ("HBG"), by and through its undersigned counsel of record, files this Amended Complaint against Defendants ASSA ABLOY Accessories and Door Controls Group, Inc., ASSA ABLOY Access and Egress Hardware Group, Inc., and ASSA ABLOY Sales and Marketing Group, Inc. (collectively "ASSA ABLOY") as follows:

**PARTIES**

1. HBG is a corporation organized and existing under the laws of the State of Tennessee. HBG is as an architectural firm with its principal place of business located at One Commerce Square, 40 South Main Street, Suite 2300, Memphis, Tennessee 38103.

2. Defendant ASSA ABLOY Accessories and Door Controls Group, Inc. is, upon information and belief, a corporation organized and existing under the laws of the State of

Delaware and authorized to do business in the State of Tennessee, with its principal place of business located at 1902 Airport Road, Monroe, North Carolina 28110-7396.  Defendant may be served with process upon its registered agent for service of process, C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

3. Defendant ASSA ABLOY Access and Egress Hardware Group, Inc. is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware and authorized to do business in the State of Tennessee, with its principal place of business located at 225 Episcopal Road, Berlin, Connecticut 06037-1524.  Defendant may be served with process upon its registered agent for service of process, C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

4. Defendant ASSA ABLOY Sales and Marketing Group, Inc. is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware and authorized to do business in the State of Tennessee, with its principal place of business located at 110 Sargent Drive, New Haven, Connecticut, 06511-5918.  Defendant may be served with process upon its registered agent for service of process, C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

5. Jurisdiction and venue are proper before this Court because the actions of defendants that give rise to the cause of action occurred in the Memphis, Tennessee.  Moreover, the defendants are actively engaged in the business of marketing and selling door hardware products in the State of Tennessee.

6. HBG was retained by the Pokagon Gaming Authority (the "Owner") to perform architectural services for the Four Winds South Bend casino and hotel project to be constructed at 3000 Prairie Ave South Bend, Indiana 46614.  The project is being constructed in

two phases. Phase One consists of the casino and parking garage and is complete. Phase Two consists of a new 317-room hotel tower, pool, and event center. Phase Two is under construction.

7. On information and belief, defendants are United States subsidiaries of a multi-national company called ASSA ABBLOY Group located in Sweden. The defendants represent manufacturers of door hardware, egress systems, and security systems.

8. The defendants' business is sales of hardware components manufactured or represented by defendants in connection with the construction of building projects. In furtherance of its business, representatives of the defendants regularly offer to assist architects with technical writing services for the preparation of hardware specifications. The defendants represent that they have a high level of technical knowledge and skill regarding the specification of hardware components because they represent component manufacturers. The defendants are compensated by being allowed to include some of the brands and products they represent or sell in the subject building specifications.

9. On the Four Winds South Bend project, defendants' representatives offered to provide technical writing services for hardware specifications. HBG accepted defendants' offer. Defendants prepared detailed specifications for hardware used throughout both phases of the project.

10. Defendants first prepared a set of proposed specifications for Phase One of the project. The ASSA ABLOY specifications were incorporated into HBG's overall specifications and used to construct Phase One. On Phase One, the finish code for door hardware was called out as 613E and US10E, which are the codes for "dark oxidized satin bronze equivalent."

11. When HBG prepared the plans and specifications for Phase Two of the project, the defendants again prepared a set of proposed hardware specifications. The defendants' specifications for Phase Two included finish codes for door hardware that were called out as 613 and US10B, which are the codes for "dark oxidized satin bronze, oil rubbed 'natural finish.'"

12. The contractor for Phase Two ordered the specified hardware and began installation. There is a substantial difference in appearance and wear resistance between the dark oxidized satin bronze equivalent finish used in Phase One and the dark oxidized satin bronze, oil rubbed "natural finish" that the defendants specified by Phase Two. The Owner of the project found the appearance difference to be objectionable and unacceptable.

13. HBG noted the difference in the hardware specification for Phase One and Phase Two. HBG researched ASSA ABLOY's product documentation and learned that the "natural finish" is manufactured in a manner that promotes rapid wear and the development of a heavily used "patina." Neither HBG nor the Owner requested that ASSA ABLOY change hardware finish between the two phases of the project.

14. As a result of its dissatisfaction, the Owner rejected all the hardware sets in the "natural finish" and required the building contractor to order hardware sets matching Phase One. HBG understands the contractor ordered new hardware for 1,835 doors at the cost of $589,025. The contractor and HBG have requested that defendants accept a return of the "natural finish" hardware sets, but defendants have failed to do so.

15. As a result of the above-described circumstances, the Pokagon Gaming Authority asserted a claim against HBG under the parties' architectural services agreement. The Owner seeks to recover from HBG all costs incurred in connection with rejection, return, and replacement of the "natural finish" hardware sets.

## COUNT ONE

### Breach of Contract

16. HBG reasserts and realleges each and every allegation set forth in Paragraphs 1 through 14 of this Complaint.

17. The defendants offered to perform professional technical writing services in connection with the preparation of specifications for both phases of the Four Winds South Bend project. HBG accepted the defendants' proposal, and an oral contract existed between the parties. Acting pursuant to this contract, defendants prepared hardware specifications for use on the project. The specifications prepared by defendants included certain hardware products represented or sold by defendants.

18. The Owner asserts that defendants' hardware specifications for Phase Two of the project were prepared in a defective manner that does not comply with the custom and practice of the hardware industry. Such defective services performed by defendants constitute a breach of the contract between HBG and defendants.

19. Defendants' breach of contract resulted in the Owner's rejection of the "natural finish" hardware defendants specified for Phase Two of the project and assertion of a claim against HBG under its professional services agreement. HBG is entitled to recover in this action all damages that arise from defendants' breach of contract.

## COUNT TWO

### Negligence

20. HBG reasserts and realleges each and every allegation set forth in Paragraphs 1 through 18 of this Complaint.

21. The defendants offered to perform professional technical writing services in connection with the preparation of specifications for both phases of the Four Winds South Bend project. HBG accepted the defendants' proposal, and defendants prepared hardware specifications for use on the project. The specifications prepared by defendants included certain hardware products represented or sold by defendants.

22. The Owner asserts that defendants' hardware specifications for Phase Two of the project were prepared in a defective and negligent manner that does not comply with the custom and practice of the hardware industry.

23. Defendants' negligence resulted in the Owner's rejection of the "natural finish" hardware defendants specified for Phase Two of the project and assertion of a claim against HBG under its professional services agreement. HBG is entitled to recover in this action all damages that arise from defendants' negligence.

## COUNT THREE

### Common Law Indemnity

24. HBG reasserts and realleges each and every allegation set forth in Paragraphs 1 through 22 of this Complaint.

25. The defendants agreed with HBG that defendants would perform professional technical writing services in connection with the preparation of specifications for both phases of the Four Winds South Bend project.

26. The Owner alleges defendants' hardware specifications for Phase Two of the project were prepared in a defective manner that does not comply with the custom and practice of the hardware industry. Defendants' actions resulted in the Owner's rejection of the "natural finish" hardware defendants specified for Phase Two of the project and the assertion of a claim

against HBG under its professional services agreement. Pursuant to the Common Law Indemnity doctrine, HBG is entitled to recover from defendants in this action all damages that HBG may incur as a result the Owner's claims, including without limitation attorneys' fees and other costs of defense.

**WHEREFORE, PREMISES CONSIDERED,** HBG demands relief as follows:

1. That service of process issue against the defendants requiring them to appear and to answer this Complaint.

2. That HBG be awarded a judgment against the defendants in such amount as HBG incurs because of the Pokagon Gaming Authority rejection of the subject "natural finish" hardware and the assertion of claims against HBG by the Pokagon Gaming Authority.

3. That HBG be awarded a judgment against the defendants in such amount as HBG incurs as a result of defendants' breaches of contract, negligence, and other wrongful actions.

4. That HBG be awarded prejudgment interest, post judgment interest, attorneys fees, costs of litigation, and court costs.

5. That HBG be awarded a judgment for such other, further and general relief that the Court shall deem just and equitable.

Respectfully submitted,

LEWIS THOMASON, P.C.

By: __/s/*David N. Garst*_____
David N. Garst, BPR No. 12084
424 Church Street, Suite 2500
Post Office Box 198615
Nashville, TN  37219-8615
Phone: (615) 259-1366
dgarst@lewisthomason.com

        By:   /s/*Patrick S. Quinn*
         Patrick S. Quinn. BPR No. 34293
         40 South Main Street, Suite 2900
         Memphis, TN 38103
         Phone: (901) 525-8721
         pquinn@lewisthomason.com
         *Attorneys for Fourteen Partners, Inc. f/k/a HBG Design, Inc.*

## CERTIFICATE OF SERVICE

 I hereby certify that on October 25th, 2022, a copy of the foregoing Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

 W. Preston Battle IV
 165 Madison Avenue, Suite 2000
 Memphis, Tennessee 38103
 Phone: (901) 577-2259
 pbattle@bakerdonelson.com
 *Attorney for Defendants*

 Dated this 25th day of October, 2022.

         s/ *Patrick S. Quinn*
         Patrick S. Quinn

11518758