IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FOURTEEN PARTNERS, INC. f/k/a HBG DESIGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASSA ABLOY ACCESSORIES AND DOOR CONTROLS GROUP, INC., ASSA ABLOY ACCESS AND EGRESS HARDWARD GROUP, INC., and ASSA ABLOY SALES AND MARKETING GROUP, INC., <br><br> Defendants. | Case No. 2:22-cv-02636-JPM-cgc |

**ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT LEE H. ASKEW III**

Before the Court is Defendants' Motion to Exclude Plaintiff's Expert Lee H. Askew III. (ECF No. 65.) Defendants filed their Motion on February 16, 2024. (Id.) Plaintiff filed their Response on March 1, 2024. (ECF No. 67.) Defendants seek to exclude Plaintiff's Expert pursuant to Federal Rules of Civil Procedure 37(c)(1) and 26(a)(2)(B), alleging that Plaintiff has caused unfair prejudice by failing to make proper disclosures related to their expert witness, Lee H. Askew III. (ECF No. 65.) Plaintiff counters first that the Motion should be struck for failure to consult pursuant to Local Rule 7.2, that the issues raised "should have been addressed and resolved through consultation with [Plaintiff's] counsel . . . or by filing a motion to compel," that the Askew Report is in compliance with Federal Rule of Civil Procedure 26(a)(2)(B) because the

1

required information was included in Plaintiff's Expert Disclosure, and that the list of documents included in Mr. Askew's Expert Disclosure is not incomplete where his opinions were not based on one particular email, and where the emails in question were in the possession of Defendants. (ECF No. 67.)

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a)(2)(B) requires that expert disclosures be accompanied by a written report which must include:

(i) A complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) The facts or data considered by the witness in forming them;
(iii) Any exhibits that will be used to summarize or support them;
(iv) The witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) A statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B). The Rule is specific: the generalized disclosure of a witness's identity under Rule 26(a)(2)(A) is a separate requirement from the production of a written report. The identifying "disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." FED. R. CIV. P. 26(a)(2)(A-B).

"A party who has made a disclosure . . . must supplement or correct its disclosure or response [] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e). If a party fails to provide information or identify a witness pursuant to

2

26(a) or (e), "the party *is not allowed* to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." FED R. CIV. P. 26(C)(1) (emphasis added), see also FED. R. CIV. P. 26(c)(1)(A-C) (describing other sanctions appropriate for failure to disclose.).  "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." Roberts ex rel. Johnson v. Galen of Va., Inc., 325 F.3d 776, 782 (6th Cir. 2003).

II. **ANALYSIS**

    a. Failure to Consult Under Local Rule 7.2

Plaintiff argues that "Defendants' Motion to Exclude is improper and should be denied because Defendants failed to consult with HBG Pursuant to Local Rule 7.2 before filing their Motion." (ECF No. 67 at PageID 281.)  "The interpretation and application of local rules 'are matters within the district court's discretion[.]'"  S.S. v. Eastern Kentucky University, 532 F.3d 445, 451 (6th Cir. 2008) (quoting Wright v. Murray Guard, Inc., 455 F.3d 702, 714 (6th Cir. 2006).  Local Rule 7.2 requires that all motions be accompanied by a certificate of consultation affirming that after consultation between the parties, they are unable to reach an accord as to all issues.  LR 7.2.  The Local Rule notes that "[f]ailure to attach an accompanying certificate of consultation *may* be deemed good grounds for denying the motion." Id. (emphasis added).  This phrasing gives judges in the Western District of Tennessee a non-mandatory option for responding to motions filed without a certificate of consultation. Here, however, consultation is both unlikely to have led to a resolution between the parties,[1] and would cause needless delay on

---

[1] While Plaintiff argues that this matter could have been resolved with a telephone call or a Motion to Compel, Defendants note in their brief that the primary damage caused by the alleged failure to disclose in this case arises from *both* the likelihood of unfair surprise at trial and the existing unfair surprise arising from Plaintiff's expert revealing at deposition that certain opinions relied on undisclosed documents.  As such, the alleged harm to Defendants is not merely prospective, but has already vested in part, and could not be resolved by supplementation.

a fully briefed motion. Failure to consult is not good grounds for the denying the motion, and the Court declines to exercise its discretion to do so.

      b. <u>The Askew Report</u>

Lee H. Askew III is an architect with over 40 years of experience. (ECF Nos. 57-1, 57-2.) Parties do not dispute his experience or qualifications. His report, a five-page document written by Plaintiff's Counsel David Garst, summarizes Mr. Askew's understanding of the case, the opinions Mr. Askew intends to offer, and Mr. Askew's experience. (ECF No. 57; ECF No. 65-2 at PageID 252.) It was filed on the docket as an attachment to Plaintiff's Expert Disclosures. (ECF No. 57.) The Askew Report contains a single reference to any basis for Mr. Askew's opinions, stating that Mr. Askew's "opinions are based on project documents [he] reviewed, an interview with architect Paul Bell, and [his] expertise as a Memphis architect with over 40 years' experience." (ECF Nos. 57-1 at PageID 178.) The Askew Report does not contain any reference to publications (past, present, or future), prior testimony or lack thereof, exhibits he intends to use to summarize or support his opinion at trial, the facts or data which form the basis for his opinions, or any reference to compensation. (ECF No. 57-1.) A representative paragraph stating an opinion Mr. Askew intends to offer follows:

> For this project, HBG retained ASSA ABLOY as its hardware consultant. ASSA ABLOY is part of an international hardware group that owns hardware manufacturers and provides services related to hardware. There are a number of hardware consultants in the industry like ASSA ABLOY that manufacture, represent, and sell hardware products. If an architect agrees to retain a hardware consultant associated with a manufacturer, often the consultant does not charge a fee for the production of the hardware design and specifications. Instead, the hardware company is allowed to designate some of its own products in the hardware specification. Thus, the consultant is compensated when the owner and contractor purchase the consultant's products. That is how ASSA ABLOY was compensated on the Four Winds Project.

---

Further, the purpose of supplementation under Federal Rule of Civil Procedure 26(e) is not to remedy past failure to disclose, but to update parties when there is a material change in information or circumstances.

(ECF No. 57-1 at PageID 178.) This paragraph, like each paragraph and statement of opinion, and like the report generally, does not reference any basis for the opinion beyond the general statement quoted above. Nor does any paragraph state a document or portion of the record on which the factual assertions are based. There are no footnotes, no index of sources, and no references. While Mr. Askew's experience may provide the basis for some opinions, and documents the basis for others, the lack of disclosure in the report itself requires the Defendants to essentially guess as to the particular basis for any given opinion.

Plaintiff assert that Defendants objection to their incomplete disclosures should have been resolved by a Motion to Compel, a phone call, or other efforts by Defendants to ensure Plaintiff remedied the deficiencies in their expert report. (ECF No. 67.) The burden to do so, however, is not on Defendants. Plaintiff made no attempt to ensure that Mr. Askew's report complied with the specific, clear requirements of Rule 26(a)(1) and (2). When, at a deposition which Plaintiff's Counsel attended, Mr. Askew identified unknown and undisclosed construction drawings and emails which he considered in drafting his report,[2] they made no attempt to supplement their disclosures to include the specific documents, facts, and data he had reviewed and considered in forming his opinion. (See ECF No. 67.) They made no attempt to supplement their disclosures to include a forthcoming publication Mr. Askew reported. (ECF No. 65 at PageID 240-41.) While Defendants argue that the issues with Mr. Askew's report are not curable through supplementation at this stage, Plaintiff has made no offer or attempt to

---

[2] The Court uses the term "drafting" here to refer to the process of ideating and reviewing the report. Mr. Askew acknowledges, and Plaintiff does not dispute, that the report was drafted by David Garst, counsel for the Plaintiff. (ECF No. 65-2 at PageID 252 ("I certainly worked on it. Communicated a lot of ideas and roughly with David Garst. We bounced each paragraph around. I didn't actually write it. He wrote the report after a lot of time was spent talking about it and going through all of the issues.").)

5

supplement during the pendency of this Motion. (See ECF No. 65 at PageID 247-48, ECF No. 67.)

Lack of care or due diligence is not a defense to failure to make mandatory disclosures under Rule 26(a). Crooksville Family Clinic, Inc. v. Quest Diagnostics, Inc., 2020 WL 103470, at *3 (S.D. Ohio Jan. 9, 2020). Nor can Plaintiff blame Mr. Askew's lack of legal knowledge for the failure to disclose: While Mr. Askew has not previously served as an opinion witness and may be unaware of the Rule 26(a)(1-2) requirements for his report, it is undisputed that the report was written by Plaintiff's Counsel. (ECF No. 65-2 at PageID 252.)

      c. Plaintiff's Expert Disclosure

Plaintiff argues that their Expert Disclosure satisfies the requirements of 26(a)(2)(B). (ECF No. 67 at PageID 286.) This argument is unavailing for several reasons. First, 26(a)(2)(B) is explicit that the requirements it lists are for the Expert Report, signed by the expert, not the combination of the Expert Report and Expert Disclosure. FED. R. CIV. P. 26(a)(2)(A-B). Plaintiff cites no countervailing authority. While the Expert Disclosure "incorporates the Askew Report and Mr. Askew's curriculum vitae by reference[,]" the Askew Report does not incorporate the Expert Disclosure. (Compare ECF No. 57 at PageID 171 with ECF No. 57-1.) The Expert Disclosure also does not reference any of the "emails" Mr. Askew considered in forming his opinion. (See ECF No. 65-1 at PageID 238 (quoting ECF No. 65-2.).) Plaintiff argues that Mr. Askew did not rely on any of these emails in forming his opinion, but Rule 26(a)(2)(B)(ii) is clear: the disclosure applies to all facts and data *considered* in forming a witness's opinions, a requirement separate and distinct from the requirement that a witness disclose the basis and reasons for his or her opinions. Compare FED. R. CIV. P. 26(a)(2)(B)(i) with FED. R. CIV. P. 26(a)(2)(B)(ii).

      d.  <u>Harmlessness and Justification</u>

In analyzing whether an omitted disclosure was harmless or justified, courts in the Sixth Circuit consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." <u>Abrams v. Nucor Steel Marion, Inc.</u>, 694 F. App'x 974, 982 (6th Cir. 2017) (quoting <u>Howe v. City of Akron</u>, 801 F.3d 718, 748 (6th Cir. 2015)). Harmlessness "involves an honest mistake on the part of the party coupled with sufficient knowledge on the part of the other party." <u>R.C. Olmstead</u>, F. Supp. 2d at 909 (quoting <u>Borg v. Chase Manhattan Bank U.S.A.</u>, 247 F. App'x. 627, 637 (6th Cir. 2007)). "Carelessness is not a substantial justification[,]" even when that carelessness leads to the exclusion of a Plaintiff's expert report. <u>Crooksville Family Clinic</u>, 2020 WL 103470, at *3.

Here, the surprise to the party against whom the evidence would be offered was and remains significant. The 26(a) requirements applicable to expert reports are meant to ensure "that opposing counsel is not forced to depose an expert in order to avoid ambush at trial . . . so as to shorten or decrease the need for expert depositions and thus conserve resources." <u>Pickens v. Dowdy</u>, No. 17-cv-2205-TMP, 2018 WL 3717114, at *1 (W.D. Tenn. Aug. 2, 2018). Plaintiff argues that the inclusion of information on compensation and documents used in drafting the report are harmless because the Report and Disclosures were produced contemporaneously. The Expert Disclosures, however, only reference some of the facts and data considered by Mr. Askew in forming his opinion, and do not provide the basis for any particular opinion. Nor does the deposition testimony of Mr. Askew cure the surprise: because Mr. Askew was unable to identify specific documents, facts, or data on which he based many of his opinions, Defendants

7

are now unable to scrupulously assess those opinions in advance of trial, and will face barriers to testing them on cross.  Plaintiff argues that Mr. Askew should have been instructed to bring with him "his entire file associated with this case to the deposition" so that he could identify the specific e-mails he cites in his testimony and considered in drafting his opinion.  (ECF No. 67.) Defendants, however, only had notice via Expert Disclosure and Expert Report that Mr. Askew had considered depositions. Emails—even those referenced in deposition exhibits—were never mentioned.  (See ECF No. 57.)

Plaintiff also argues that "Defendants already have every document relevant to this case, including every document reviewed by Mr. Askew." (ECF No. 67 at PageID 284.)  This, however, is not curative.  Rule 26(a)(2) requires specific disclosures beyond those in 26(a) for the opinions of each expert.  FED. R. CIV. P. 26(a)(2).  Allowing nondisclosure of the basis for expert opinions and the facts and data considered by the witness in forming them because those facts and data had been otherwise disclosed would force opposing counsel to attempt to match expert opinions with the corresponding discoverable material.  Mere possession does not assist counsel in determining which opinions are based on which documents, facts, or data.  The broad reading of 26(a)(2) Plaintiff proposes would be inefficient and opposite to the purpose of the disclosure mandate.

Defendants have provided no explanation for their failure to abide by the disclosure rules, instead arguing that excluding their expert places form over function in interpreting the Federal Rules of Civil Procedure.  In this case, while the expert is certainly highly favorable to Defendant's case, his opinion testimony is not essential to its resolution. While opinion testimony may assist the trier of fact, its omission does not necessarily deprive the fact-finder of a determinative evidentiary submission. Given that Defendants remain unaware what emails,

8

documents, or data formed the basis of Mr. Askew's opinion, it is likely that disclosure at this time would both protract the trial itself by lengthening the cross-examination process and disadvantage Defense counsel in terms of trial preparation and presentation in the most efficient manner as anticipated by the Rules.  On balance, therefore, Defendants have not provided justification for the violation of the disclosure requirements, and the violation is not harmless. Exclusion of Mr. Askew is therefore mandatory under the Federal Rules of Civil Procedure.

III.     **CONCLUSION**

For the reasons discussed above, exclusion of Plaintiff's Expert Lee H. Askew III is required under the Federal Rules of Civil Procedure.  Defendants' Motion is **GRANTED**.

**SO ORDERED**, this 11th day of April, 2024.

    /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE